The Honorable Thomas T. Glover
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re | No. 08-10844 |
|---|---|
| GEN CON LLC, | DEBTOR'S AMENDED PLAN OF REORGANIZATION |
| Debtor. | |

Gen Con LLC ("Gen Con" or "Debtor"), proposes the following Amended Plan of Reorganization dated December 3, 2008, pursuant to Section 1121 of Title 11 of the United States Bankruptcy Code (the "Code").

**ARTICLE 1**
**Definitions**

As used in the Plan, the following terms shall have the meanings specified below:

1.1 <u>Administrative Convenience Claim</u>.  An Unsecured Claim under $1,000.

1.2 <u>Administrative Creditor</u>:  Any person entitled to payment of an administrative expense.

1.3 <u>Administrative Expense</u>:  Any cost or expense of administration of the Chapter 11 case allowed under section 503(b) of the Code, including, without limitation, any indebtedness or obligation incurred or assumed by the Debtor-in-Possession, in connection with the conduct of its business in the ordinary course, or for the acquisition or lease of

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 1

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

property or for the obtaining of services by the Debtor-in-Possession, all allowances of compensation or reimbursement of expenses to the extent allowed by the Court under the Code, and any fees or charges assessed against the estate of the Debtor.

1.4     Allowed Claim:  Any claim against the Debtor as of the petition date, proof of which was filed on or before the date designated by the Court as the last date for filing proofs of claim or, if no proof of claim is filed, any claim which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent, and, in either case, a claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Code, the Rules, or the Court, or as to which any objection has been interposed and/or such claim has been allowed in whole or in part by an order or judgment of the Court that is no longer subject to appeal or certiorari proceeding and as to which no appeal or *certiorari* proceeding is pending.

1.5     Avoidance Actions:  Any and all Claims and causes of action arising under the Bankruptcy Code, including, without limitation, sections 544, 545, 547, 548, 549, and 550.

1.6     Chapter 11 Case:  The case commenced by Gen Con on February 15, 2008, under Chapter 11 of the Code and pending in the Court as case number 08-10844.

1.7     Claim:  Any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, fixed, matured, disputed, legal, equitable, or secured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, matured, disputed, or secured.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 2

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 2 of 19

1.8 <u>Confirmation or Confirmation Date</u>: The date the Court enters the Confirmation Order.

1.9 <u>Confirmation Order</u>: An order of the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code and which is not then subject to a pending motion to clarify, vacate, rehear, modify, or amend.

1.10 <u>Code</u>: The Bankruptcy Reform Act of 1978 as amended, Title 11, United States Code.

1.11 <u>Creditor</u>: Any person that has a Claim against the Debtor that arose on or before the Petition Date.

1.12 <u>Debtor or Debtor-in-Possession</u>: Gen Con LLC.

1.13 <u>Effective Date</u>: The effective date shall be the first business day that is at least eleven calendar days after entry of the Confirmation Order.

1.14 <u>Hotel Leases</u>: The Hotel letters of agreement listed in Schedule G of Gen Con's schedules between Gen Con and Adam's Mark Hotels, Best Western, Canterbury Hotel, Comfort Suites, Conrad Indianapolis Hotel, Courtyard by Marriott Downtown, Courtyard by Marriott Capital, Crowne Plaza Hotel, Embassy Suites Hotel, Hampton Inn Downtown, Hilton Garden Inn, Hilton Indianapolis, Holiday Inn Express, Holiday Inn Select, Hyatt Hotels & Resorts, Indianapolis Marriott Downtown, Omni Severin Hotels, Radisson Hotel City Centre, Ramada Indianapolis Airport, Staybridge Suites, The Hilton Family, and The Westin.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 3

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 3 of 19

1.15 <u>LLC Agreement</u>: The Limited Liability Company Agreement of Gen Con LLC, dated May 15, 2002.

1.16 <u>Petition Date</u>: February 15, 2008, the date on which the Debtor filed a voluntary petition for relief, commencing the Chapter 11 case.

1.17 <u>Plan</u>: This Debtor's Amended Plan of Reorganization either in its present form or as it may be altered, amended, or modified.

1.18 <u>Reorganized Debtor</u>: Gen Con LLC.

1.19 <u>Priority Tax Claim</u>: A Claim that is entitled to priority of payment under Section 507(a)(8) of the Code.

1.20 <u>Priority Non-tax Claim</u>: A Claim entitled to priority of payment under Sections 507(a)(3)-(7) of the Code.

1.21 <u>Pro Rata</u>: A distribution to each holder of a Claim in a class in the same proportion that the allowed amount of such holder's Claim bears to the total of all Claims in the same class.

1.22 <u>Rules</u>: The Federal Rules of Bankruptcy Procedure, and, as applicable, the Local Rules of Bankruptcy Procedure of the Court.

1.23 <u>Subordinated Claim</u>: Any claim of an insider, as that term is defined in section 101(31) of the Code, of the Debtor, including Peter Adkison and Hidden City Games, LLC.

1.24 <u>Unsecured Claim</u>: Any Claim other than an Administrative Expense, a Priority Tax Claim, Priority Non-tax Claim, Subordinated claim, secured claim, or claim relating to equity interests in the Debtor.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 4

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 4 of 19

1.25 Unsecured Creditor: Any Creditor holding an Unsecured Claim.

## ARTICLE 2
## Treatment of Administrative Expenses and Priority Tax Claims

2.1 Full Payment: Except for those Administrative Expenses incurred in the ordinary course of the Debtor's business, which shall be paid pursuant to their terms and not under this Plan, each allowed Administrative Expense shall be paid in full by the Reorganized Debtor on the Effective Date or, if required, as soon thereafter as such Administrative Expense is allowed by the Court.

2.2 Contested Administrative Expenses: Administrative Expenses that are contested shall be treated pursuant to Article 11 of the Plan. Administrative Expenses incurred prior to the Confirmation Date will not be allowed unless such Claims are filed with the Court within 30 days' of the Effective Date.

2.3 Treatment of Priority Tax Claims: Each Allowed Priority Tax Claim shall receive deferred cash payments over a period of five (5) years as provided in section 1129(a)(9)(C) of the Bankruptcy Code. Priority Tax Claims will accrue interest at a rate of five percent (5%) per annum. The Reorganized Debtor shall make semi-annual distributions. The first payment will be due April 1, 2009, and payments will be due every six (6) months thereafter until paid in full.

## ARTICLE 3
## Classification of Claims

Claims are classified as follows:

3.1 Class 1: Allowed priority non-tax claims.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 5

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

3.2    Class 2: Allowed Administrative Convenience Claims.

3.3    Class 3:  Allowed Unsecured Claims.

3.4    Class 4:  Allowed Subordinated Claims of Insiders.

3.5    Class 5:  Equity Interests.

**ARTICLE 4**
**Provision for the Treatment of Allowed priority non-tax claims**
**(Class 1)**

4.1    Treatment:  The Class 1 Creditors shall receive payment of their Allowed Claims in full on the later of the Effective Date or the date their Claim becomes an Allowed Claim.

4.2    Impairment:  Class 1 is impaired under the Plan.

**ARTICLE 5**
**Provision for the Treatment of Allowed Administrative Convenience Claims**
**(Unsecured Claims under $1,000)**
**(Class 2)**

5.1    Treatment:  The Class 2 Creditors shall receive payment of their Allowed Claims in full on the later of the Effective Date or the date their Claim becomes an Allowed Claim.

5.2    Impairment:  Class 2 is impaired under the Plan.

**ARTICLE 6**
**Provision for the Treatment of General Allowed Unsecured Claims**
**(Class 3)**

6.1    Treatment:  The Class 3 Creditors shall receive semiannual Pro Rata distributions, pursuant to Article 10.1 below.  Class 3 Claims will accrue interest at a rate of

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 6

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 6 of 19

five percent (5%) per annum. The first payment will be due April 1, 2009, and payments will be due every six (6) months thereafter until paid in full.

6.2 <u>Impairment</u>: Class 3 is impaired under the Plan.

### ARTICLE 7
### Provision for the Treatment of Subordinated Claims
### (Class 4)

7.1 <u>Treatment</u>: The Class 4 Creditors shall receive semiannual Pro Rata distributions after all Class 1 through 3 Creditors and Priority Tax Claims have been paid in full, pursuant to Article 10.1 below. Provided Class 3 Claims have been satisfied, the first payment will be due April 1, 2013, and payments will be due every six (6) months thereafter until paid in full.

7.2 <u>Impairment</u>: Class 4 is impaired under the Plan.

### ARTICLE 8
### Provision for the Treatment of Equity Interests
### (Class 5)

8.1 <u>Treatment</u>: The Class 5 Equity Interests shall be subject to all of the provisions of this Plan, including but not limited to those amendments made to the LLC Agreement pertaining to governance set out in Article 10.3 and Exhibit 4. The Class 5 Equity Interests rights under the LLC Agreement or otherwise shall be suspended and no distributions shall be made on account of any Class 5 Equity Interests until such time as the Class 1 through Class 3 Allowed Claims have been paid in full.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 7

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 7 of 19

# ARTICLE 9
## Executory Contracts and Unexpired Leases

9.1 <u>Assumption of the Indiana Convention Center and RCA Dome leases</u>: The occupancy license agreement for the Indiana Convention Center & RCA Dome and the convention agreement with the Indiana Convention Center shall be assumed on the Effective Date.

9.2 <u>Assumption of Leschi Partners LLP leases</u>: The lease between Leschi Partners LLP and Gen Con dated July 5, 2005, for the Debtor's premises at 120 Lakeside Avenue, Suite 130, Seattle, WA 98122 shall be assumed and assigned to Hidden City Games, Inc. on the Effective Date, pursuant to the Assignment Agreements attached to the Plan as **Exhibit 1.** The Reorganized Debtor will assume the lease for the premises at 120 Lakeside Avenue, Suite 100, Seattle, WA 98122 and shall accept an assignment of that lease from Off the Grid LLC on the Effective Date.

9.3 <u>Assumption of Dell Financial Services, LP leases</u>: The lease of computers from Dell Financial Services shall be assumed on the Effective Date. Lease 003-8565729-003, dated July 26, 2008, shall be assigned to Hidden City Games on the Effective Date, pursuant to the Assignment Agreement attached to the Plan as **Exhibit 2**.

9.4 <u>Hotel Leases</u>: To the extent that the Hotel Leases constitute unexpired leases or executory contracts, they are assumed as of the Effective Date. The Debtor does not believe that any cure payments are required for any Hotel Lease, but in the event a cure is

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 8

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 8 of 19

required to assume a Hotel Lease, the cure payment shall be treated as a Class 3 Claim and paid accordingly.

9.5 <u>Rejection of Semaphore leases</u>: The Debtor hereby rejects all leases, contracts, and agreements between itself and Semaphore Corporation, including, but not limited to, the Internet Ethernet Connection Agreement dated January 20, 2005, and the Equipment Co-Location and Rental Agreement dated January 20, 2005.

9.6 <u>Claims</u>: Claims for damages, if any, arising from the rejection of any executory contracts or unexpired leases must be filed within thirty (30) days after the Effective Date or the date on which an order authorizing rejection is entered, whichever comes earlier. All such rejection Claims shall be treated as Class 3 Claims.

## ARTICLE 10
## Plan Implementation

10.1 <u>Payments Under the Plan</u>:

10.1.1 <u>Effective Date</u>: On the Effective Date, the Reorganized Debtor will disburse funds sufficient to make all payments required under the Plan. All disbursements will be made according to the priorities listed in 10.4.1 below.

10.1.2 <u>Priority Tax Claims</u>: The Reorganized Debtor shall pay the Priority Tax Claims in accordance with Article 2.3.

10.1.3 <u>Class 3 Claims</u>: The Reorganized Debtor shall disburse $364,000.00 every six (6) months starting April 1, 2009, with a final disbursement sufficient to pay the remaining balance of all Allowed Class 3 Claims in full with interest as called for in the Plan on or before October 1, 2012. Payments shall be applied first to accrued interest, and next to

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 9

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 9 of 19

reduce the principal balance of the Allowed Class 3 Claim. If the Reorganized Debtor has insufficient funds on hand to make a scheduled payment, the disbursement amount may be reduced, and the deficiency will be paid at the next payment date to the extent funds are available or added to the October 1, 2012, payment; provided however, that in the event the Reorganized Debtor has insufficient funds available to make final payment on October 1, 2012, additional payments may be made on April 1 and October 1, 2013 as necessary to complete the Plan.

The Class 3 Claims may be paid in full at any time with no prepayment penalty. Moreover, the Reorganized Debtor may, subject to the approval of the Advisory Committee, propose to make a cash out payment to the Class 3 Claims at a discounted rate, provided any such discounted early payment proposal is made to all members of Class 3. The Reorganized Debtor may seek to reach agreement with individual Class 3 creditors and need not obtain approval of all Class 3 Creditors in order to distribute a discounted cash out payment to those Class 3 Creditors electing to receive such payment in full satisfaction of their Allowed Claims, and shall continue to pay any Class 3 Creditor in accordance with this Plan should they not elect a cash out.

10.1.4 <u>Class 4 Claims</u>: Payments to the Class 4 Creditors will commence upon satisfaction of all Class 1 through 3 Claims.

10.1.5 <u>Reporting</u>: The Reorganized Debtor will provide summary financial reporting to any Creditor who remains unpaid semiannually, concurrently with the Plan

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 10

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 10 of 19

payments. The reports will show the payments made, the Company's cash flow since the previous report, and the Reorganized Debtor's operation results for the pertinent period.

10.2 <u>Employment Agreement</u>: The Reorganized Debtor will enter into an employment agreement with Adrian Swartout in the form attached as **Exhibit 3**.

10.3 <u>Governance</u>: The LLC Agreement shall be amended to designate Adrian Swartout manager of Gen Con and to provide for the formation and duties of an Advisory Committee. The Advisory Committee shall consist of three holders of Class 3 Claims. The Advisory Committee shall be initially constituted of the three current members of the Unsecured Creditors' Committee or their designees, and the Advisory Committee members may thereafter appoint a replacement if any initial member resigns. The Advisory Committee shall have the rights and duties set out in the amended LLC Agreement, including oversight of all Major Decisions, as that term is defined in the LLC Agreement. The amendments to the LLC Agreement, attached as **Exhibit 4**, are deemed adopted upon the Effective Date.

10.4 <u>Duties of Reorganized Debtor</u>:

10.4.1 <u>Payments</u>**:** Except as otherwise provided in this Plan, the Reorganized Debtor shall make payments from cash on hand in the following order: first, the Reorganized Debtor shall pay Administrative Creditors until paid in full; second, the Reorganized Debtor shall pay the Class 1 Creditors until paid in full; third, the Reorganized Debtor shall pay the Class 2 Creditors in full; fourth, the Reorganized Debtor shall make Pro Rata distributions to Allowed Priority Tax Creditors; fifth, the Reorganized Debtor shall make Pro Rata

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 11

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 11 of 19

distributions to Class 3 Creditors until paid in full; and sixth, the Reorganized Debtor shall pay Class 4 Creditors in full.

10.4.2 <u>Taxes</u>: The Reorganized Debtor shall arrange for the completion, filing, and payment of all tax returns for Gen Con while the Plan remains active, including any employment tax returns. The Reorganized Debtor shall not reimburse any Class 5 Equity Interest for any taxes they are required to pay.

10.4.3 <u>Claims Objections</u>: The Reorganized Debtor shall prosecute, compromise, or settle objections to Claims in accordance with the procedures set out in Article 11.

10.4.4 <u>Payment of Fees</u>: Upon the Effective Date, and from time to time thereafter as required, the Reorganized Debtor shall pay any fees then due and owing to the United States Trustee pursuant to 28 U.S.C. § 1930.

10.4.5 <u>Reports and Final Decree</u>: The Reorganized Debtor shall prepare the required U.S. Trustee reports. As soon as practicable, the Reorganized Debtor shall obtain a final decree from the Bankruptcy Court.

10.4.6 <u>Other Actions Required</u>. The Reorganized Debtor shall take any other actions not inconsistent with the provisions of the Plan that the Reorganized Debtor deems reasonably necessary or desirable in connection with the administration of the Plan.

10.4.7 <u>Fiduciary Duties</u>: Until all Allowed Claims and allowed Administrative Expenses are paid, the Reorganized Debtor's fiduciary duties run to its creditors.

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

# ARTICLE 11
## Procedure for Resolving Contested Claims

11.1  Objections to Claims:  Objections to Claims and Administrative Expenses shall be made and served upon each holder of such Claims to which objections are made and filed with the Court within sixty (60) days of the Effective Date; provided, however, that the deadline may be extended upon ex parte motion to the Court.

11.2  Prosecution of Objections to Claims:  The objecting party shall litigate to judgment, settle, or withdraw objections to contested Claims and Administrative Expenses. No distribution shall be made to any Creditor or holder of an Administrative Expense while an objection to the Claim or Administrative Expense is pending, but the amount of the distributions on the disputed Claim or Administrative Expense shall be reserved and retained by Reorganized Debtor, and the remaining distributions to the class which includes the contested Claim or Administrative Expense shall be reduced by the amount of the contested Claim or Administrative Expense.  Creditors and holders of Administrative Expenses, whose Claims and Administrative Expenses become Allowed Claims or allowed Administrative Expenses, shall receive the reserved distributions as soon as practical after they become allowed.

11.3  Late Filed Claims:  Unless otherwise ordered by the Bankruptcy Court upon motion and notice, any proof of Claim filed after the Confirmation Date shall be automatically disallowed as a late filed Claim without further action by the Reorganized Debtor unless the Creditor obtains the written consent of the Reorganized Debtor and the Advisory Committee.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 13

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 13 of 19

Upon Court approval to file a late claim, the Reorganized Debtor shall have sixty (60) days from written consent or entry of the Court's order to object to the claim.

11.4 Disputed Claims: Notwithstanding any other provisions of the Plan, no payments or distributions shall be made on account of any disputed Claim, until such Claim becomes an Allowed Claim, and then only to the extent it becomes an Allowed Claim. The Debtor shall reserve and retain distributions that would otherwise be paid to the Claimant or holder of an Administrative Expense prior to the allowance of a Claim or Administrative Expense. Creditors and holders of Administrative Expenses, whose Claims and Administrative Expenses become Allowed Claims or allowed Administrative Expenses, shall receive the reserved distributions immediately after their Claim or Administrative Expense becomes an Allowed Claim or allowed Administrative Expense.

**ARTICLE 12**
**Miscellaneous Provisions**

12.1 Termination of the Plan: The Plan shall terminate and otherwise cease to be of any force or effect upon satisfaction of all of the Plan's terms and completion of all distributions required under the Plan.

12.2 Modification of Plan: The Debtor may propose amendments or modifications to the Plan at any time prior to Confirmation. After Confirmation, the Reorganized Debtor may, with leave of court and so long as it does not materially or adversely affect the interest of Creditors or other parties in interest, remedy any defect or omission or reconcile any inconsistency in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes, intent, and effect of the Plan.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 14

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 14 of 19

12.3     Avoidance Actions:  Upon Confirmation, the Debtor will waive all Avoidance Actions.

12.4     Undeliverable Distributions:  Any distribution returned to the Reorganized Debtor as undeliverable shall be held for six (6) months.  The Reorganized Debtor shall make reasonable efforts to locate the holder of an Allowed Claim entitled to such distribution.  After six months, if no holder of an Allowed Claim asserts a claim for the undeliverable distribution, it shall become property of the Reorganized Debtor and no further distributions shall be made on account of such Allowed Claim.

## ARTICLE 13
## Retention of Jurisdiction

The Court shall retain jurisdiction of this Chapter 11 case pursuant to the provisions of the Code, until and subject to further order of the Court; specifically, the Court shall retain jurisdiction to hear or determine the following matters:

13.1     To enable the Reorganized Debtor to consummate any and all proceedings which may be brought prior to or subsequent to the Confirmation Order.

13.2     To consider actions to avoid, set aside, or otherwise determine the extent, validity, and priority of liens or encumbrances.

13.3     To consider objections to Claims or the allowance thereof.

13.4     To consider actions for the recovery of assets (including but not limited to accounts) or damages as entitled under the applicable provisions of the Code or other federal, state, or local law, including but not limited to actions based on any *ultra vires* pre-petition acts of the Debtor.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 15

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 15 of 19

13.5 To prosecute to resolution all related contested matters or adversary proceedings pending on the Confirmation Date or filed in the Court thereafter.

13.6 To issue injunctions or take such other actions or make such other orders as may become necessary or appropriate to restrain interference with the Plan or its execution or implementation; to take any action to enforce and execute the Plan, the Confirmation Order, or any other order of the Court; and to issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan.

13.7 To determine all matters that may be pending before the Court on or before the Effective Date.

13.8 To classify, allow, or disallow Claims and the direct distribution of funds under the Plan and to adjudicate all controversies concerning the classification, treatment, or allowance of any Claim.

13.9 To enforce performance of the Plan.

13.10 To hear and determine all Claims arising from the rejection of executory contracts and unexpired leases and to consummate the rejection and termination thereof.

13.11 To liquidate damages in connection with any disputed, contingent, or unliquidated Claims.

13.12 To recover all assets and properties of the estate wherever located.

13.13 To hear and determine matters concerning state, local, and federal taxes.

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 16

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 16 of 19

13.14 To determine any and all applications for allowance of pre-confirmation compensation and expense reimbursement of professionals or other Administrative Expense claimants.

13.15 To resolve any dispute related to the implementation, execution, consummation, or interpretation of the Plan or Confirmation Order and the making of distributions under this Plan.

13.16 To resolve any dispute related to the scope of duties or powers, including those related to compensation or retention of employees or professionals of the Reorganized Debtor.

13.17 To determine all applications, motions, adversary proceedings, contested matters, actions, and any other litigation instituted in this case by or on behalf of the Reorganized Debtor.

13.18 To hear actions required to protect the property of the Debtor from adverse Claims or interference inconsistent with this Plan, including actions to quiet or otherwise clear title to such property based upon the terms and provisions of this Plan.

13.19 To hear and determine such other matters and make such orders as are necessary and appropriate to carry out the provisions of the Plan. The powers of this Court shall be broadly and liberally construed.

### ARTICLE 14
### Events of Default

In the event the Reorganized Debtor defaults under the provisions of the Plan as confirmed, any Creditor holding an Allowed Claim and desiring to assert such a default shall provide all parties listed in Article 15 with written notice of the alleged default. The

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 17

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 17 of 19

Reorganized Debtor shall have thirty (30) days from receipt of the written notice in which to cure the default. Such notice shall be delivered by United States mail to the parties at the addresses set forth in Article 15. If a default is not cured, such Creditor providing notice may thereafter pursue such applicable legal remedies as may be appropriate.

## ARTICLE 15
### Notices

Any notice required to be transmitted hereunder shall be sufficient and proper if sent by United States first class mail to the party or parties set forth below:

| | |
|---|---|
| To Reorganized Debtor: | Gen Con LLC<br>120 Lakeside Avenue, Suite 100<br>Seattle, WA 98122 |
| With Copy to: | Shelly Crocker<br>Crocker Kuno PLLC<br>720 Olive Way, Suite 1000<br>Seattle, WA 98101 |
| To Advisory Committee: | As set forth in LLC Agreement |
| And to: | Marc Barreca<br>K&L Gates LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104 |

. . .

. . .

## ARTICLE 16
### Discharge and Revesting of Property

16.1 <u>Discharge</u>: As of the Effective Date, Confirmation of the Plan operates to completely substitute the Debtor's obligations on any and all Claims and any other

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 18

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

indebtedness that arose before the Effective Date with the undertakings set forth in the Plan. Moreover, all property of the Debtor's estate shall be free and clear of all Claims and interests of Creditors, except as otherwise provided in the Plan or in the Confirmation Order. The provisions of the confirmed Plan shall bind the Debtor, and all other parties in interest, including any Creditor of the Debtor, whether or not the Creditor's claim has been impaired by the Plan and whether or not the Creditor accepted the Plan.

16.2  Title to Assets: Except as otherwise provided by this Plan, on the Effective Date, title to all assets and properties addressed by this Plan shall be vested in the Debtor in accordance with section 1141 of the Code, free and clear of all Claims.

WHEREFORE the Debtor prays for confirmation of the Plan pursuant to 11 U.S.C. § 1129 and for such other and further relief as is just, proper, and equitable.

Respectfully submitted this 4th day of December 2008.

GEN CON LLC

By /s/ Adrian Swartout
Adrian Swartout, CEO

DEBTOR'S AMENDED PLAN OF REORGANIZATION - 19

CROCKER KUNO PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101 - 1853
P) 206-624-9894
F) 206-624-8598

Case 08-10844-TTG    Doc 113    Filed 12/04/08    Ent. 12/04/08 16:21:45    Pg. 19 of 19